# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CIVIL ACTION NO. 14-161-DLB**

**STEVE N. JACKSON,**                                                             **PETITIONER**

**vs.**                 **MEMORANDUM OPINION AND ORDER**

**WARDEN J.C. HOLLAND**                                         **RESPONDENT**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Steve N. Jackson is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without counsel, Jackson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1)

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Jackson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On August 16, 2006, a federal grand jury sitting in Las Cruces, New Mexico handed down an indictment charging Jackson with possession with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Following a two-day trial, a jury found Jackson guilty of the offense on March 13, 2007. In light of his three prior convictions for drug offenses, the trial court imposed an enhanced sentence pursuant to 21 U.S.C. § 851, and sentenced Jackson to life imprisonment on August 22, 2007. *United States v. Jackson*, No. 2:06-CR-1795-RB-1 (D.N.M. 2006). The Tenth Circuit affirmed Jackson's conviction on direct appeal on July 16, 2009. *United States v. Jackson*, 334 F. App'x 900 (10th Cir. 2009).

On July 26, 2010, Jackson sought relief from his conviction and sentence under 28 U.S.C. § 2255. In that motion, Jackson argued that his life sentence was "grossly excessive" in violation of the Eighth Amendment, a claim this Court had already rejected on procedural grounds in an earlier § 2241 petition. *See Jackson v. Wilson*, No. 10-CV-39-GFVT (E.D. Ky. March 10, 2010). He also argued that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because he failed to adequately develop information establishing the credibility of Joe Armstrong, a friend of Jackson's who had confessed that the drugs belonged to him, testimony he later recanted. The trial court denied Jackson's § 2255 motion on February 16, 2011, concluding that several premises underpinning his *Strickland* claims had been rejected on direct appeal by the Tenth Circuit. The Tenth Circuit denied Jackson a certificate of appealability on July 11, 2011. *United States v. Jackson*, 429 F. App'x 757 (10th Cir. 2011).

In his petition, Jackson again contends that his trial attorneys were constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because they failed to

2

conduct an adequate pretrial investigation. He also claims that they failed to communicate a formal plea offer made by the prosecution to him,[1] rendering their counsel ineffective under *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, __ U.S. __ 132 S. Ct. 1399 (2012). He further contends that under established Tenth Circuit precedent there was insufficient proof at trial that he was in actual or constructive possession of the drugs found in the home where he was present. (Doc. #1)

Jackson may not pursue his claims in a § 2241 petition. A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate

---

[1] Jackson has attached correspondence to his petition which indicates that in July 2006 the prosecution offered to stipulate to a 20-year sentence in exchange for a guilty plea, but that Jackson instructed his counsel to reject that offer in light of Joe Armstrong's willingness (at that time) to testify that the drugs belonged to him. On July 26, 2013, Jackson's former trial counsel executed an affidavit stating that apart from his letter, he does not presently have an independent recollection whether he communicated the prosecution's plea offer to Jackson. (Doc. #1-1, pp. 41-46)

3

or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). A petitioner establishes actual innocence by demonstrating "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him . . . ." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotation marks and citation omitted). But "[t]o date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012); *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case.")

None of Jackson's claims fall within this narrow provision. Jackson contends that his mere presence in the home where drugs were found was insufficient to establish that he was in actual or constructive possession of them, and that his trial counsel was constitutionally ineffective under *Strickland*, *Frye*, and *Lafler*. These are ordinary claims of trial error which could and should have been brought on direct appeal or in an initial motion under § 2255. Courts that have considered the question have spoken with one

voice in concluding that such claims may not be pursued in a habeas petition filed pursuant to § 2241. *Cf. Dawson v. Dewalt*, No. 06-CV-24-KSF, 2006 WL 695184, at *2-5 (E.D. Ky. March 14, 2006) (holding § 2241 is not proper vehicle for defendant to assert claim that his mere presence at scene of search was insufficient to establish constructive possession to support conviction under 21 U.S.C. § 841(a)(1)); *Navar v. Warden Fort Fix FCI*, 569 F. App'x 139, 140 (3d Cir. 2014) ("Navar does not argue that he is innocent of the drug trafficking offenses. Rather, he argues that he is innocent of a portion of his sentence (because of counsel's ineffectiveness in the matter of negotiating a plea deal). The 'safety valve' thus does not apply."); *Hall v. Oliver*, No. 13-CV-2901-BNB, 2014 WL 128017, at *2 (D. Colo. Jan. 13, 2014) (same).

The remedy available under § 2241 is not additional, alternative, or supplemental to the one provided under § 2255, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999), and Jackson's mere failure to obtain relief under that provision does not *ipso facto* open the gateway to relief under § 2241. Because Jackson's claims do not fall within the narrow scope of claims reviewable under § 2241, his petition must be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Jackson's petition for a writ of habeas corpus (Doc. #1) is **DENIED**.
2. The Court will enter a Judgment contemporaneously with this order.
3. This matter is **STRICKEN** from the docket.

This 10th day of December, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\ProSe\Jackson 14-161 MOO.wpd